

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**ZACHARY KALMBACH**
*Senior Counsel*
phone: (212) 356-2322
fax: (212) 356-3509
zkalmbac@law.nyc.gov

February 22, 2024

**By ECF**
Honorable Denise L. Cote
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

*The request for a stay is denied. The defendants must answer and the parties shall consult regarding a discovery schedule. The briefing schedule is approved.*

*Denise Cote*
*2/27/24*

Re:   Sokolova v. City of New York, et al.,
       23 Civ. 8155 (DLC)

Your Honor:

I represent the City of New York, New York City Health and Hospitals Corporation ("HHC"), Capt. Howard Thompson, and Felicia Hargrave in the above-referenced matter. Defendants write to respectfully request that the Court (1) endorse the briefing schedule proposed below, regarding defendants' anticipated fully-dispositive motion to dismiss the Complaint (or alternatively to stay this matter pending resolution of a parallel state court proceeding); and (2) stay this matter during the pendency of defendants' anticipated motion. Plaintiff consents to defendants' proposed briefing schedule, but opposes defendants' request to stay this matter pending defendants' motion to dismiss, including a stay of defendants' deadline to answer the Complaint.[1]

By way of background, plaintiff filed this action on September 14, 2023, alleging claims of deliberate indifference and municipal liability against defendants City, HHC, Thompson, Ullah, and Hargrave (ECF No. 1). On February 16, 2024, the undersigned became aware that, on June 7, 2023, plaintiff filed a lawsuit against the same defendants (with the exception of HHC—which is a City agency), alleging the same factual allegations and raising essentially the same legal issues (See State Complaint, annexed hereto as Ex. A). The parallel state proceeding is more advanced than this proceeding. Indeed, the parties in the state action have already expended significant

---

[1] Because a motion to dismiss pursuant to the Colorado River doctrine is considered a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), defendants respectfully submit that their motion to dismiss will satisfy defendants' duty to respond to the Complaint within the meaning of Rule 12. See JPMorgan Chase Bank, N.A. v. Avara US Holdings LLC, No. 23 Civ. 7145 (JGK), 2024 U.S. Dist. LEXIS 29597, at *12 (S.D.N.Y. Feb. 21, 2024) ("A motion to dismiss based on Colorado River is considered as a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.") (quotations omitted).

resources—by, for example, litigating discovery disputes up to the Appellate Division (costing two separate Divisions of the Law Department significant time and resources).

In light of the parallel state proceeding, defendants intend to file a fully-dispositive motion to dismiss on the grounds that, *inter alia*, the Court should decline jurisdiction over this case pursuant to the Colorado River abstention doctrine. See Colorado River Water Cons. Dist. v. U.S., 424 U.S. 800 (1976). Indeed, most of the factual allegations in the federal Complaint are essentially copy-and-pasted from the state Complaint, which strongly suggests that plaintiff is using the federal case as a backstop in the event he does not prevail in the state case or, worse, as a means of double-recovery for the same alleged conduct. Such conduct—that is, intentionally litigating the same case in two venues—results in the exact type of "needless duplication of proceedings and wasting of judicial resources" that the abstention doctrine was designed to avoid. See First Keystone Consultants, Inc. v. Schlesinger Elec. Contrs., Inc., 862 F. Supp. 2d 170, 189 (E.D.N.Y. 2012); see also Goldentree Asset Mgmt., L.P. v. Longaberger Co., 448 F. Supp. 2d 589, 594 (S.D.N.Y. 2006) ("The existence of nearly identical claims in two different suits results in needless duplication of proceedings and wasting of judicial resources"); Colony Ins. Co. v. Danica Group, LLC, No. 13-CV-1714 (RRM)(MDG), 2014 U.S. Dist. LEXIS 125285, at *18 (E.D.N.Y. Sep. 8, 2014) (holding that it would be unduly burdensome to force defendant to litigate in both state and federal court at the same time and a waste of judicial resources to force two courts to adjudicate the same issues, particularly where the plaintiff "is engaging in transparent forum shopping"). As such, defendants intend to move to dismiss—or, alternatively, stay—this action pursuant to the Colorado River doctrine. Defendants also intend to move to dismiss plaintiff's Monell claim pursuant to Rule 12(b)(6), on the grounds that it is inadequately pled.

To that end, defendants respectfully request that the Court endorse the following briefing schedule:

- Defendants shall file their motion to dismiss by March 13, 2024;

- Plaintiff shall file his opposition by April 5, 2024; and

- Defendants shall file their reply, if any, by April 15, 2024.

Additionally, defendants respectfully request that the Court stay this matter during the pendency of defendants' anticipated motion to dismiss. See Pappas v. City of New York, No. 23 Civ. 6010 (LJL), 2024 U.S. Dist. LEXIS 14171, at *2 (S.D.N.Y. Jan. 26, 2024) (In determining whether to stay discovery during the pendency of a motion, "Courts consider: (1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion.") (quotations omitted). Here, defendants respectfully submit that their anticipated motion is strong given the similarities between the state and federal actions. Further, defendants anticipate that plaintiff will pursue significant discovery—including, for example, New York City Department of Correction investigative records, medical records, and potentially expert discovery given the nature of plaintiff's alleged injuries. Moreover, allowing this action to proceed will allow plaintiff to take the depositions of the same defendants and witnesses twice—costing defendants even more time and resources. Finally, a stay will not result in any prejudice to plaintiff, as he is already litigating the same issues in state court.

Accordingly, defendants respectfully request that the Court endorse the foregoing briefing schedule regarding defendants' anticipated motion to dismiss and stay this matter during the pendency of the motion.

Thank you for your time and consideration.

Respectfully submitted,

/s/ *Zachary Kalmbach*
Zachary Kalmbach
*Senior Counsel*

Encl.

cc:   **Via ECF**
     All counsel of record